**UNITED STATES of America, Plaintiff–Appellant,**

**Samson Crum, Sr., Edwin Moss, Frederick D. Reese, Clarence Williams, on behalf of themselves and all others similarly situated, Movants–Appellants,**

v.

**DALLAS COUNTY COMMISSION, DALLAS COUNTY, ALA.; Jones, John W., Jr., Chairman; Deans E. Barber, Jr., William H. Kendrick, C. Stanley Baldwin, James S. Wilkinson, Members, Earl Goodwin, Chairman of the Dallas County Democratic Executive Committee and John J. Grimes, Chairman of the Dallas County Republican Executive Committee, Defendants–Appellees,**

**Dallas County Board of Education, et al., Defendants.**

No. 87–7459.

United States Court of Appeals, Eleventh Circuit.

July 13, 1988.

Rehearing and Rehearing In Banc Denied July 13, 1988.

---

Marie Klimesz McElderry, U.S. Dept. of Justice, Civil Rights Div., Jessica Dunsay

Silver, Wm. Bradford Reynolds, U.S. Dept. of Justice, Civil Rights Div., Washington, D.C. for U.S.

Larry T. Menefee, James U. Blacksher, Birmingham, Ala., Neil Bradley, American Civil Liberties Union, Laughlin McDonald, Atlanta, Ga., for intervenors–appellants Crum, Moss, Reese, William, et al.

John E. Pilcher, Pilcher & Pilcher, P.C., Selma, Ala., for Dallas Co. Bd. of Educ., Grimes, Martin, Bozeman, Ralston and Bradford.

Cartledge W. Blackwell, Jr., Blackwell & Keith, Selma, Ala., J. Garrison Thompson, Pitts, Pitts & Thompson, Selma, Ala., for Dallas Co. Comm., Dallas Co., Ala., Jones, Barber, Kendrick, Baldwin and Wilkinson.

Before HILL and HATCHETT,
Circuit Judges, and GIBSON [*], Senior
Circuit Judge.

HATCHETT, Circuit Judge:

This appeal is a companion case to *United States v. Dallas County Commission*, No. 87–7766, 850 F.2d 1433 (11th Cir.1988). In No. 87–7766, we held that the district court's remedial plan for election of members to the Dallas County Board of Education does not comply with section 2 et seq. of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 et seq.

In this appeal, the sole question presented is whether a similar election plan adopted by the district court with respect to the Dallas County Commission, is likewise infirm under section 2 of the Voting Rights Act. *See United States v. Dallas County Commission*, 671 F.Supp. 1337, 1339–40 (S.D.Ala.1987).

The Dallas County Commission was created by Act No. 328 of the Alabama Legislature of 1900–1901. The Act provided for four commissioners to be elected at-large

---

[*] Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

from residency districts and for the county probate judge, also elected at-large, to serve as ex-officio chairman of the Commission. The probate judge's sole duty as ex-officio chairman is to preside over the Commission's meetings and to cast a vote in the event of a tie. The probate judge is elected to a six-year term, while the other four members of the Commission are elected to concurrent, four-year terms.

The government objects to the district court's election plan on the ground that inclusion of the probate judge as a voting member of the Commission, to be elected at-large, does not fully cure the section 2 violation we previously declared. *See United States v. Dallas County Commission*, 636 F.Supp. 704 (S.D.Ala.1986) (holding that the at-large election scheme utilized in election of members to the County Commission violates section 2).[1] The government contends that a single-member district plan containing a *fifth* swing district in lieu of the probate judge's at-large seat would provide an adequate remedy for the section 2 violation. The county contends that the district court's plan is consistent with longstanding policy in Dallas County favoring a countywide election of the probate judge, and hence should not be disturbed by this court, in the absence of statutory or constitutional infirmities.

We agree with the county that when devising election plans, federal courts should defer to state legislative policy and modify the state's plan only to the extent necessary to cure statutory or constitutional defects. *Upham v. Seamon*, 456 U.S. 37, 41–43, 102 S.Ct. 1518, 1521–1522, 71 L.Ed.2d 725 (1982); *Edge v. Sumter County School District*, 775 F.2d 1509, 1512 (11th Cir.1985). This rule does not obtain, however, in this case where we have already determined that the court-drawn election plan does not fully cure the infirmities which caused the district court in the

first instance to declare the county's at-large electoral system violative of section 2. *United States v. Dallas County Commission*, No. 87–7766, 850 F.2d 1433 (11th Cir.1988).

Accordingly, for the reasons expressed in No. 87–7766, the remedial plan drawn by the district court for election of members to the Dallas County Commission does not comply with section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973. The district court's order adopting an election plan, pursuant to which the county is divided into two predominantly black and two predominantly white single-member districts, with the probate judge, to be elected at-large, serving as chairman ex-officio of the Commission, is VACATED. The case is remanded to the district court for the sole purpose of directing the members of the Dallas County Commission to conduct elections for the members of the County Commission pursuant to the Lichtman plan adopted by this court in No. 87–7766 and in accordance with applicable state and local law during a primary election to be hereafter scheduled and the general election to be held in November, 1988. The order of this court granting the government's motion for a stay pending appeal of the elections for the Dallas County Commission scheduled for June 7, 1988, and also tolling the qualification period for candidates, is hereby VACATED. The district court shall comply with the mandate of this court in an expeditious manner.[2]

REVERSED, VACATED, AND REMANDED WITH DIRECTIONS.

HILL, Circuit Judge, concurring specially:

I concur in the judgment for the reasons stated in my special concurrence filed today in the case of 87–7766—*United States of America v. Dallas County Board of*

---

1. The government urges, and we agree, that the at-large election of the probate judge is permissible under the Voting Rights Act with respect to the judicial aspects of that office. *See Butts v. City of New York*, 779 F.2d 141, 148 (2d Cir. 1985), *cert. denied*, 478 U.S. 1021, 106 S.Ct. 3335, 92 L.Ed.2d 740 (1986).

2. The court is aware that its adoption of a five single-member district plan results in the creation of an additional elected official.

*Education, et al,* 850 F.2d 1433.

FLOYD R. GIBSON, Senior Circuit Judge, dissenting:

I respectfully dissent for the reasons stated in my dissenting opinion filed today in the case of 87–7766—*United States of America v. Dallas County Board of Education, et al,* 850 F.2d 1433.